**CLD-065**                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3904
_____

IN RE:  AKEEM R. GUMBS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3:11-cr-00021-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 8, 2016

Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Akeem R. Gumbs petitions for a writ of mandamus directing the District Court of

the Virgin Islands to rule on his (1) pending motion for summary judgment filed in

connection with his motion to vacate, set aside, or correct his sentence filed pursuant to

28 U.S.C. § 2255; (2) pending motion to dismiss count 6 of the indictment; and (3)

motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This is the third petition for a writ of mandamus Gumbs has filed in this case; we have denied his previous petitions. See C.A. No. 16-1452; 16-2689. We will likewise deny this petition.

Gumbs filed a sixth amended § 2255 motion on October 5, 2015; a motion for summary judgment on October 20, 2015; and a motion to dismiss on February 16, 2016. In May 2016, the District Court referred Gumbs' § 2255 motion to a Magistrate Judge. Gumbs filed an amended motion to dismiss in June. The Magistrate Judge recommended Gumbs' § 2255 motion be denied in October; Gumbs filed objections to the Report and Recommendation in November. Gumbs has now filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 seeking an order directing the District Court to enter judgment on the § 2255 motion, motion for summary judgment, and motion to dismiss.

We rejected Gumbs' last two mandamus petitions, and we will reject this one as well. Mandamus is an appropriate remedy only in the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)).

Here, the Magistrate Judge recently entered a report and recommendation regarding the § 2255 motion. A district court retains discretion over the manner in which it controls its docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Presumably the District Court will enter a final judgment in due time, within its

2

discretion.  Likewise, Gumbs' amended motion to dismiss has been pending for five months, far from an "undue delay . . . tantamount to a failure to exercise jurisdiction." Cf. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).  Gumbs' last petition for a writ of mandamus was denied by this Court two months ago.  The only change from then to now is that the District Court has exercised its discretion in utilizing the Magistrate Judge in pursuing a diligent resolution of Gumbs' voluminous motions, claims, and filings.  Accordingly, our conclusion is the same.  The petition will be denied.